## Fullwood v. Fullwood

546

*Albert S. Readinger,* for libellant.
*Luther C. Schmehl,* for respondent.

MAYS, J., March 6, 1944.—The libellant in this divorce action alleged indignities. A hearing was held by Vincent Grant, Esq., the appointed master. He filed a report in which specific findings of fact were made. He recommended the granting of a divorce.

Respondent's exceptions, inter alia, were in effect that the report was not prepared by the master but by Emanuel Weiss, Esq., who was delegated so to do. Respondent averred that the report so filed "should not be considered in any particular . . . in arriving at a proper and just decision in the cause". At the argument, the parties stated to the court that the cause should be so proceeded with and that findings of fact and conclusions of law should be made by the court regardless of what was done by the master or the one whom he delegated to act for him. We cannot comply with this request.

In this jurisdiction we appoint masters who are to make their findings of fact and conclusions of law which are by us given the fullest consideration. While it is true that it is our duty to read the testimony—and this has been done in this case—and pass upon the facts ourselves, we would be better able so to do if we could give proper weight to the report of the master who had the witnesses before him and had an opportunity to

judge their credibility by their appearance and conduct upon the stand and his finding in favor of one party on evidence that is contradictory.

So that we may properly proceed and have the benefit of a report in which the master has alone done his full duty, we will refer the case back to the master with directions to inquire into and report upon the testimony and make his own findings and recommendations.

It is so ordered.